The order below is hereby signed.

Signed: April 1 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
CL AND MEW COMPANY LLC,        )   Case No. 20-00091
                               )   (Chapter 11)
              Debtor.          )   Not for publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S APPLICATION TO EMPLOY COUNSEL

On March 11, 2020, twenty-three days after the debtor commenced this case, the debtor filed an application (Dkt. No. 12) to employ Craig A. Butler and his law firm as counsel in this case. Such applications ought to be filed promptly after counsel begins representing the debtor in a bankruptcy case lest compensation not be allowed for work performed prior to the filing of the application.

I will refer to Butler and his law firm collectively as "Butler" as though only Butler is the proposed counsel. In the debtor's prior case, Case No. 19-00651, Butler was employed as the debtor's counsel and he reported on his Rule 2016(b) statement in that case that a balance of $917.00 was owed him on a flat fee of $2,000.00. Butler has never filed an amended

disclosure statement in Case No. 19-00651 reflecting payment of that $917.00 balance (as would have been required if he received such payment). In the debtor's application to employ Butler in this Case No. 20-00091, the debtor does not, as required by Rule 2014(a), make any disclosures in the application itself regarding its knowledge regarding the connections specified by Rule 2014(a).[1] In Butler's verified statement accompanying the application in this Rule 2014(a), Butler *does* address the connections specified by Rule 2014(a) *but* he falsely states:

> Neither The Butler Law Group, PLLC nor I have previously represented the Debtor (except in the within matter), and we do not have any known connections with the Debtor (other than this representation) . . . .

Butler's verified statement does not disclose what happened to his fee claim in the prior case and whether any amounts are still owed him or his firm based on the representation of the debtor in Case No. 19-00651.

Moreover, Butler's Rule 2016(b) statement (part of Dkt. No. 1) indicates that his representation of the debtor will be for:

- **Flat Fee**

    For legal services, I have agreed to accept    $7,500.00

    Prior to the filing of this statement I

---

[1] Not only the proposed professional (in his verified statement) but also the debtor (in the body of the application itself) are required to address the connections specified by Rule 2014(a). This is more crucial when a debtor proposes to employ an entity other than the attorney who is signing the application and whose verified statement is attached to the application.

2

```
have received                                          $7,500.00
Balance Due                                            $    0.00
```

However, the retainer letter attached to the application to employ Butler indicates that he is representing the debtor for a retainer of $6,000.00, **not $7,500,** with work to be billed on an hourly fee basis, **not based on a flat fee**. The application and the Rule 2016(b) statement do not jibe.

In light of the foregoing, it is

ORDERED that the debtor's application to employ counsel (Dkt. No. 12) is DENIED with leave to apply anew in a correct fashion and in a manner such that the new application and the Rule 2016(b) statement or an amendment thereto are not in conflict.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee.